EAST TENN., VA. & GA. R. R. CO. *v.* J. M. SELCER.

RAILROADS. *What will not excuse.* Although a collision might be avoided by a reversal of the engine, yet the engineer is not bound to reverse, if by so doing the lives of persons on the train are endangered; but the fact that a reversal would be injurious or hurtful to the machinery, is no excuse for a non-compliance with the statute.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

VANDYKE, COOKE & VANDYKE for Railroad Co.

DEWITT & SHEPHERD for Selcer.

FREEMAN, J., delivered the opinion of the court.

This is an action to recover the value of a mule killed by the railroad. A recovery was had, and an appeal in error by the railroad.

It is urged that the testimony does not sustain the verdict. We think it does under the rule of this court, that if there is conflict of testimony the verdict of the jury will not be disturbed. There is a conflict between testimony of plaintiff and that of defendant as to when the brakes were put on, as possibly in other circumstances. We think there is testimony in the record on which the verdict may stand.

Error is assigned on the refusal of the trial judge to give the instruction asked by counsel of the road. That request is, substantially, that the defendant was excused from compliance with the requirements of sec. 1166 and sub-sec. 5, if the proof showed it was dangerous to the life of the engineer, *or injurious and hurtful to the machinery of the engine,* to reverse an engine when in motion, then the law did not require it to be reversed. The court refused to give this charge, as the record says, "in the terms stated."

It has been repeatedly held by this court, that if the train is moving at such speed, or the circumstances of its situation are such that it would endanger the lives of persons on the train, the engineer is not bound to reverse the engine, although by doing so the collision itself may have been avoided: *N. & C. R. R. Co.* v. *Troxlee,* 1 Lea, 521. But we know of no case where it has been held that if it would be injurious or hurtful to the machinery of the engine to reverse it when in motion, this requirement of our

law may be disregarded.    We do not think such a rule ought to be established.    The principle on which it would rest must be, that another party's property may be certainly destroyed rather than incur a possible or even probable risk of injury or hurt to your own.    We do not think either sound principle or policy demands the establishment of such a rule.

In reply to the request above cited, the court charged in substance, that if the lives of those on the train would have been imperiled when the animal appeared on the track, then the defendant would be excused from using the precautions required by law. But he told them that if the defendant had been in default up to the time of the sudden running on the track by the mule about twenty-five yards from where killed, while the mule was running along the side of the track, in not using necessary means to stop the engine, the defendant would be liable.

We see no objection to this charge as applied to the facts.    It is shown by proof that the mule was seen several hundred yards above where the killing occurred, and that it ran down the track until it was in twenty-five or thirty yards of the stock-gap, when it jumped suddenly on the track, and was killed at the gap.    His Honor's charge puts the case to the jury on the proposition, that if the engine could have been checked after the appearance of the mule near the side of the track, and the defendant was in default in not using the means at command for this purpose, then it could not excuse the killing by the fact, that at the moment of getting on the track it

was too late to check the speed of the train. The defendant's own default had, on this theory, made the case of impossibility. If the engine could have been checked before by use of the proper efforts, an attempt after default, and too late to save the property, was not material. The wrong had been done by neglect before the animal was on the track. But the proof makes a case of an obstruction *seen*, while the mule ran down the track for perhaps two hundred yards or more in plain view, and the jury were warranted in finding the defendant guilty of negligence in not checking the speed of the train before the mule got on the track. Such was the holding of this court in the case of *N. & C. R. R. Co.* v. *Anthony,* 1 Lea. This case is very like that in its facts.

We see no reversible error in any portion of the charge of his Honor, and the judgment is affirmed.